

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Rosa Belén Cruz Parrilla<br><br>        Recurrida<br><br>            v.<br><br>Departamento de la vivienda y la Junta de Reestructuración Fiscal<br><br>        Peticionarios | Certiorari<br><br>2012 TSPR 11<br><br>184 DPR ____ |

Número del Caso: CC-2011-0071

Fecha: 23 de enero de 2012

Tribunal de Apelaciones:

            Región Judicial de San Juan

Juez Ponente:

            Hon. Carlos A. Cabán García

Oficina del Procurador General:

            Lcda. Irene s. Soroeta Kodesh
            Procuradora General

            Lcda. Rosa Elena Pérez Agosto
            Procuradora General Auxiliar

Abogados de la Parte Recurrida:

            Lcdo. José Raúl Pérez Ayala

Materia: Caducidad de Consulta de Ubicación Número 1992-10-1418 JPU

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Rosa Belén Cruz Parrilla

    Recurrida

       v.

Departamento de la Vivienda y la Junta de Reestructuración Fiscal

    Peticionarios

*Certiorari*

CC-2011-0071

Opinión del Tribunal emitida por la Jueza Asociada señora Pabón Charneco

En San Juan, Puerto Rico, a 23 de enero de 2012.

Comparecen ante nos el Departamento de la Vivienda, *et als.*, y nos solicitan la revisión de una Sentencia del Tribunal de Apelaciones. En esta, el foro apelativo intermedio revocó una Resolución de la entonces Comisión Apelativa del Sistema de la Administración de Recursos Humanos del Servicio Público (en adelante C.A.S.A.R.H.),[1] en la cual se desestimó la apelación presentada por Rosa Cruz Parrilla que impugnó la cesantía de su puesto de empleo. Ello a tenor con las disposiciones de la

---

[1] Con la aprobación del Plan de Reorganización de la Comisión Apelativa del Servicio Público, Ley 2-2010 (3 L.P.R.A. Ap. XIII) la Comisión de Relaciones del Trabajo y la Comisión Apelativa del Sistema de Administración de Recursos Humanos del Servicio Público fueron fusionadas en la Comisión Apelativa de Servicio Público (C.A.S.P.).

Ley Especial Declarando Estado de Emergencia Fiscal y Estableciendo Plan Integral de Estabilización Fiscal para Salvar el Crédito de Puerto Rico, Ley 7-2009 (3 L.P.R.A sec. 8791 *et seq.*).

En el presente recurso debemos resolver si el término de treinta (30) días provisto por la Ley 7, *supra,* para impugnar la Certificación de Antigüedad de un empleado admite interrupción por justa causa. Por considerar que el término provisto es de naturaleza jurisdiccional, *a priori*, contestamos en la negativa.

I

La señora Rosa Belén Cruz Parrilla (en adelante la recurrida) comenzó a trabajar en el Departamento de la Vivienda el 16 de noviembre de 1995. El 17 de abril de 2009, la recurrida recibió una Certificación de Fecha de Antigüedad en la Agencia, en la cual se le informó que su periodo de antigüedad era de trece (13) años, cuatro (4) meses y quince (15) días. La Certificación le apercibía a la recurrida que esa antigüedad representaba la suma de todos los años trabajados en el servicio público y que, de no estar de acuerdo con la antigüedad certificada, debía impugnarla en el término de treinta (30) días provisto por la Ley 7, *supra*. La recurrida no impugnó dentro de ese

término la Certificación de Antigüedad que le fuera cursada.[2]

A posteriori, el 25 de septiembre de 2009, la recurrida recibió una notificación del entonces Secretario del Departamento de la Vivienda, Yesef Y. Cordero, en la cual se le notificaba que, conforme a las disposiciones de la Ley 7, supra, sería cesanteada de su puesto de Supervisora Local en la oficina regional de Carolina. Esta cesantía sería efectiva el 6 de noviembre de 2009.

El 26 de octubre del mismo año, la recurrida presentó una apelación por derecho propio ante la C.A.S.A.R.H. en la cual cuestionó la antigüedad que previamente le había sido certificada. Para ello, la recurrida presentó una Certificación de Empleo que acreditaba que había trabajado varios meses durante los años 1985 y 1986 en el Programa de Empleo de Verano de la Administración de Derecho al Trabajo. Estos meses no fueron tomados en consideración en el cómputo de antigüedad que le había sido certificado a la recurrida.

Oportunamente, el Departamento de la Vivienda contestó la apelación presentada y alegó que esta no procedía, ya que la recurrida no impugnó su Certificación de Antigüedad dentro del término de treinta (30) días que disponía para ello la Ley 7, supra.

---

[2] La Petición de Certiorari no incluyó en su apéndice copia de esta Certificación. Sin embargo, sí se incluyó en la Moción en Oposición a Expedición de Recurso de Certiorari presentada por la recurrida. No existe controversia entre las partes sobre la existencia y corrección de la aludida Certificación.

Así las cosas, el 29 de marzo de 2010 la C.A.S.A.R.H. emitió una Resolución en la cual denegó la apelación incoada por la recurrida. La C.A.S.A.R.H. fundamentó su determinación en que de las alegaciones de la recurrida surgía que no se había impugnado dentro del término establecido por ley la Certificación de Antigüedad. Por ende, no había prueba suficiente que demostrara que la recurrida cumplía con el tiempo suficiente de empleo en el servicio público para quedar exenta del plan de cesantías provisto en la Ley 7, *supra*.

Inconforme, la recurrida presentó un recurso de revisión ante el Tribunal de Apelaciones el 14 de junio de 2010. El foro apelativo intermedio revocó la Resolución de la C.A.S.A.R.H. mediante Sentencia emitida el 22 de septiembre de 2010 y ordenó devolver el caso a esta para que determinara si la prueba documental presentada por la recurrida podría refutar el periodo de antigüedad que le fue previamente certificado.

El tribunal *a quo* fundamentó su determinación en que la C.A.S.A.R.H, al emitir su Resolución, no dispuso nada en cuanto a la prueba documental que presentó la peticionaria para impugnar el cómputo de su antigüedad. Ergo, entendió el foro apelativo intermedio que la C.A.S.A.R.H. actuó de manera arbitraria e irrazonable al emitir una Resolución sin considerar la prueba debidamente presentada ante esta.

En cuanto al término de treinta (30) días para impugnar el cómputo de antigüedad que provee la Ley 7,

*supra,* el Tribunal de Apelaciones concluyó que existía justa causa para que la recurrida no cumpliera con este. Entendió el foro apelativo intermedio que la Certificación de Antigüedad enviada a la recurrida no le informaba correctamente cuál era la fecha de corte para la determinación de antigüedad. Además, las agencias para las cuales trabajó la recurrida, y cuyo tiempo no le fue adjudicado en el cómputo de antigüedad, le remitieron la evidencia de empleo meses después de entregada la Certificación de Antigüedad.

Insatisfecho, el Departamento de la Vivienda solicitó reconsideración de ese dictamen el 16 de octubre de 2010. *A posteriori*, el 16 de diciembre de 2010 el Tribunal de Apelaciones denegó el petitorio.

Inconforme, el 21 de enero de 2011 el Departamento de la Vivienda presentó recurso de *certiorari* ante este Tribunal y planteó el siguiente señalamiento de error:

1. Erró el Honorable Tribunal de Apelaciones al determinar que no procede el archivo de la apelación presentada y ordenar su devolución ante la CASARH, toda vez que la antigüedad adjudicada a la recurrida advino concluyente a tenor con la disposición expresa de la ley.

El 27 de mayo de 2011 cursamos a la recurrida una Orden de Mostrar Causa por la cual no debía expedirse el auto de *certiorari* solicitado y revocarse la Sentencia del Tribunal de Apelaciones. La recurrida compareció el 21 de julio de 2011, por lo cual estamos en posición de resolver sin ulterior trámite.

II

A.

El 9 de marzo de 2009 se aprobó la Ley 7, *supra*. Este estatuto fue aprobado para, *inter alia*, atender la severa crisis fiscal por la cual atraviesa el Gobierno de Puerto Rico y para proteger el crédito de la Isla. *Domínguez Castro et al. v. E.L.A. I*, 178 D.P.R. 1, 21 (2010), *certiorari* denegado, *Castro v. Puerto Rico*, 131 S.Ct. 152, 562 U.S. __ (2010).

Como parte de las medidas de emergencia contempladas por el estatuto se estableció un Plan de Emergencia para la Reducción de Gastos. 3 L.P.R.A. sec. 8793-8802. Este Plan consistía de la implementación de tres (3) Fases dirigidas a garantizar la reducción del déficit estructural del Gobierno de Puerto Rico. La Fase I consistía de un Programa Voluntario de Reducción de Jornada Laboral y un Programa de Renuncias Voluntarias Incentivadas. 3 L.P.R.A. sec. 8794. A tenor con la Ley, *supra,* si la implantación de la Fase I no cumplía con los objetivos de ahorros del estatuto, la Oficina de Gerencia y Presupuesto (en adelante O.G.P.) cursaría un informe a la Junta de Reestructuración y Estabilización Fiscal (en adelante J.R.E.F.) en el cual recomendaría poner en vigor la Fase II. *Íd.* sec. 8794(4)(B). La J.R.E.F. fue creada también por la Ley 7, *supra*, y se le delegó una amplia gama de poderes, incluyendo, *inter alia*, el deber de asesorar al Gobernador y a las agencias estatales en cuanto a los empleados a ser

cesanteados, la determinación de cuántos empleados finalmente serían cesanteados y el poder para encomendar a las agencias a realizar estudios necesarios para poner en vigor la Fase II del Plan de Emergencia para la Reducción de Gastos. *Íd.* sec. 8799(b)(6).

Esta segunda fase consistía de un Plan de Cesantías de Empleados del sector público. En específico, el Plan contemplaba la terminación de todo empleado que a la fecha de la vigencia de la Ley 7, *supra,* tuviera un nombramiento transitorio o irregular. *Íd.* sec. 8799(b)(2). Por su parte, en cuanto a los empleados con nombramiento de carrera, se estableció que:

> (3) Las cesantías de los empleados con nombramiento permanente o de carrera se efectuarán observando exclusivamente el criterio de antigüedad, de modo que sean cesanteados en primer término aquellos que tengan menor antigüedad.

> (4) A los fines de determinar la antigüedad de empleados afectados se considerarán todos los servicios prestados por los empleados afectados en el servicio público, independientemente de las disposiciones de los convenios colectivos, reglamentos, cartas circulares y otros documentos normativos. *Íd.* sec. 8799(b)(3) y (4).

Para poner en vigor las cesantías tomando en consideración solamente el Criterio de Antigüedad, la Ley 7, *supra,* provee que las agencias debían notificar a J.R.E.F. la antigüedad de cada uno de sus empleados. *A posteriori*, las agencias también tendrían que notificar por escrito a sus empleados, individualmente, su fecha de antigüedad según se desprendiera de los récords. *Íd.* sec. 8799(b)(8).

En cuanto al procedimiento para impugnar esta Certificación de Antigüedad, la Ley 7, *supra*, establece que:

> (9) El empleado, y de ser el caso, éste a través de su organización sindical, **tendrá un término no mayor de treinta (30) días calendario, a partir de la fecha de la notificación,** para presentar por escrito a la agencia, evidencia documental oficial emitida por la autoridad o entidad gubernamental competente (evidencia documental fehaciente) que refute la antigüedad que le ha sido certificada. Para ello utilizará el formulario que para esos fines será provisto por su respectiva agencia, el cual completará y someterá a su propia agencia, con copia de la evidencia documental fehaciente que refute la fecha de antigüedad notificada.
>
> (10) En la eventualidad de que el empleado afectado **no refute o no presente, dentro del término aquí dispuesto,** evidencia documental fehaciente que sostenga su posición, la antigüedad a ser utilizada será aquella que le fue notificada por la agencia. **Dicha antigüedad será concluyente para todo propósito relacionado a este capítulo.** *Íd.* sec. 8799(b)(9) y (10) (Énfasis suplido).

B.

Este Tribunal ha tenido la oportunidad de interpretar la Ley 7, *supra*, en varias ocasiones. En *Domínguez Castro et al. v. E.L.A I*, *supra*, examinamos este estatuto para determinar si padecía de defectos constitucionales. Realizado un análisis ponderado del texto del estatuto, determinamos que se trataba de una regulación de carácter socioeconómico, la cual está sujeta a un escrutinio racional para determinar su constitucionalidad. Concluimos que la Ley 7, *supra,* adelantaba un fin legítimo y que existía una relación real y sustancial entre esta y el

interés perseguido, por lo cual no adolecía de defectos constitucionales en cuanto al derecho a un debido proceso de ley en su vertiente sustantiva. *Íd.* págs. 58-60.

Por su parte, en cuanto al debido proceso de ley en su vertiente procesal, concluimos que la Ley 7, *supra,* no violentaba ese derecho, ya que establecía un procedimiento que sobrepasaba el mínimo requerido por la Constitución. *Íd.* pág. 65. Sustentamos nuestra conclusión en que los empleados estarían protegidos ya que "la Ley Núm. 7 dispone para que un organismo competente e imparcial atienda sus reclamos y aquilate la evidencia que éstos puedan presentar, en caso de que decidan recurrir finalmente de la decisión de la agencia". *Íd.*

Otros aspectos constitucionales de la Ley 7, *supra,* fueron atendidos en *Bomberos Unidos v. Cuerpo de Bomberos et al.*, 180 D.P.R. 723 (2011). En este caso resolvimos que el estatuto contenía un título lo suficientemente descriptivo sobre el asunto que regula, por lo cual no violaba la Sec. 17 del Art. III de la Constitución de Puerto Rico. *Íd.* pág. 766. Finalmente, recientemente resolvimos en *Sánchez et al. v. Depto. Vivienda et al.*, res. el 22 de diciembre de 2011, 2011 T.S.P.R. 205, 184 D.P.R. ___ (2011), que la Ley 7, *supra,* le delegó a la J.R.E.F. la facultad de establecer una fecha de corte para el cómputo de la antigüedad de los empleados públicos, y que esa delegación cumplía con los parámetros

jurisprudenciales del principio de separación de poderes y del Derecho Administrativo.

El caso de autos nos da la oportunidad de interpretar nuevamente el texto de la Ley 7. Como mencionamos, en esta ocasión nos toca resolver si el término que provee el estatuto en la Sección 8799(b)(9) para impugnar la Certificación de Antigüedad es uno improrrogable o, *a contrario sensu*, si admite interrupción por justa causa como determinó el Tribunal de Apelaciones.

### III

### A.

En reiteradas ocasiones hemos resuelto que las Reglas de Procedimiento Civil no son de aplicación automática a los procedimientos administrativos. *Otero v. Toyota*, 163 D.P.R. 716 (2005). A tales efectos, hemos establecido que "tal cuerpo normativo procesal podrá utilizarse para guiar el curso de los procesos administrativos mientras no obstaculicen la flexibilidad, agilidad y sencillez de éstos". *Íd.* pág. 735. Por ende, podrán utilizarse como guía estas reglas si propician una solución justa, rápida y económica de la controversia a resolverse. *Íd.*

Uno de los principios más importante del esquema normativo del Procedimiento Civil es el que rige todo lo concerniente a los términos que tienen las partes para actuar en determinado proceso. Nuestro ordenamiento reconoce varias clases de términos cuyo incumplimiento

conlleva diferentes consecuencias. R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, San Juan, Lexis-Nexis, 5ta Ed., 2010, pág. 197.

Consecuentemente, y como regla general, "[t]odos los términos que las reglas no declaran expresamente improrrogables pueden prorrogarse por el tribunal". R. Hernández Colón, op. cit., pág. 199. Para ello, generalmente se requiere que la parte que solicita la prórroga, o que actúa fuera de término, presente justa causa por la cual no puede cumplir con el término establecido. *Íd.*

Por otro lado, existen términos de naturaleza improrrogable que no están sujetos a interrupción o cumplimiento tardío. "Se denominan estos términos como jurisdiccionales o fatales porque transcurren inexorablemente, no importa las consecuencias procesales que su expiración provoque". *Íd.* pág. 201. Ello significa que una vez transcurre un término de naturaleza jurisdiccional, el tribunal o la agencia estatal pierde jurisdicción para atender el asunto ante su consideración.

Por otra parte, en reiteradas ocasiones hemos expresado que la jurisdicción es el poder o autoridad que ostenta un tribunal para decidir casos o controversias. *González v. Mayagüez Resort & Casino*, 176 D.P.R. 848, 854 (2009), *ASG v. Mun. San Juan*, 168 D.P.R. 337, 343 (2006). Por ende, "[e]n toda situación jurídica el primer aspecto que tenemos que considerar es el de naturaleza

jurisdiccional. Ello es así pues las cuestiones relativas a la jurisdicción son de naturaleza privilegiada y deben ser resueltas con preferencia a cualquier otro asunto". J. A. Echevarría Vargas, *Procedimiento Civil Puertorriqueño,* Colombia, [S. Ed.], 2010, pág. 18. Ante la importancia eminente de este principio, los entes adjudicativos deben ser celosos guardianes de su jurisdicción, y no poseen discreción para asumirla en donde no la hay. *García Ramis v. Serallés*, 171 D.P.R. 250, 254 (2007).

Debido a las graves consecuencias que acarrea el determinar que un término es de naturaleza jurisdiccional, hemos expresado que debe surgir claramente la intención del legislador de imponerle esa característica al término. Véase *J. Directores v. Ramos*, 157 D.P.R. 818, 823-824 (2002); *Lagares v. E.L.A.,* 144 D.P.R. 601, 615-616 (1997) y *Méndez v. Corp. Quintas San Luis*, 127 D.P.R. 635, 637 (1991).

De suerte que para determinar si un término es de naturaleza jurisdiccional, los tribunales deben realizar un ejercicio de interpretación estatutaria para encontrar la expresión clara del legislador en cuanto la naturaleza del término. En este ejercicio de interpretación debe acudirse primero al texto de la Ley. Solo si se encuentra ambigüedad en el texto, deben entonces los tribunales asegurarse de dar cumplimiento a los propósitos legislativos. *Soc. Asist. Leg. v. Ciencias Forenses*, 179 D.P.R. 849, 862 (2010). No obstante, en nuestro ordenamiento si  el lenguaje de la ley

es claro y libre de toda ambigüedad, "la letra de ella no debe ser menospreciada bajo el pretexto de cumplir su espíritu". Art. 14 del Código Civil, 31 L.P.R.A. sec. 14. Es por ello que "si el lenguaje de la ley no crea dudas y es claro en cuanto a su propósito, su propio texto es la mejor expresión de la intención legislativa". *Soc. Asist. Leg. v. Ciencias Forenses, supra.*

B.

Bajo el crisol doctrinario anteriormente expuesto, pasemos a determinar si el término de treinta (30) días provisto por la Ley 7 para impugnar la Certificación de Antigüedad es de carácter jurisdiccional.

Como ya vimos, el Art. 37.04 de la Ley 7, 3 L.P.R.A. sec. 8799(b)(9), establece que, de no estar conformes con la antigüedad que se le certifique, el empleado:

> tendrá un **término no mayor de treinta (30) días calendario**, a partir de la fecha de la notificación, para presentar por escrito a la agencia evidencia documental oficial emitida por la autoridad o entidad gubernamental competente (evidencia documental fehaciente) que refute la antigüedad que le ha sido certificada (Énfasis suplido).

Subsiguientemente, el estatuto establece que si el empleado no presenta evidencia documental fehaciente para impugnar su antigüedad certificada dentro del término establecido, esta "será **concluyente** para todo propósito relacionado con este capítulo". 3 L.P.R.A. sec. 8799 (b)(10) (Énfasis suplido).

La utilización del adjetivo **concluyente** en el texto de la Ley 7, *supra*, es una expresión clara y evidente por

parte del legislador para establecer que el término de treinta (30) días es de naturaleza jurisdiccional. El diccionario de la Real Academia Española define este adjetivo como "(1) que concluye; (2) resolutorio, irrebatible." Portal cibernético de la Real Academia Española, http://www.rae.es, última visita 20 de enero de 2012. Por su parte, el diccionario del uso del español de María Moliner define el término concluyente como "categórico o decisivo; se aplica a la razón o argumento **que no admite duda**". María Moliner, Diccionario del Uso de la Lengua Española, Madrid, Gredos, 3ra Ed., 2007, pág. 744 (Énfasis suplido).

Nos resulta evidente que el propio texto de la Ley 7, *supra*, estableció que el término de treinta (30) días para impugnar la antigüedad es uno de carácter jurisdiccional. Siendo ello así, es forzoso concluir que no existe excepción alguna, ya sea por justa causa o por cualquier otra razón, para impugnar la Certificación de Antigüedad cursada a los empleados fuera del término establecido.

IV

A base del análisis que antecede, procedemos a aplicar el mismo a la controversia de autos.

Surge del expediente que la recurrida recibió una Certificación de Antigüedad del Departamento de la Vivienda el 17 de abril de 2009, con fecha de 14 de abril de 2009, en la cual se le certificaba que su antigüedad total en el servicio público era de trece (13) años, catorce (14) meses

y quince (15) días. La recurrida no impugnó esa antigüedad dentro de los treinta (30) días siguientes.

Posteriormente, se le notificó a la recurrida el 25 de septiembre de 2009 que sería cesanteada de su puesto, efectivo el 6 de noviembre de 2009. A raíz de esta cesantía, el 26 de octubre de 2009 es que la recurrida impugna por **primera vez** ante la C.A.S.A.R.H. la Certificación de Antigüedad que le fue notificada en abril del mismo año. Es decir, más de seis (6) meses después de que se le certificara su antigüedad, la recurrida actuó sobre esta por primera vez.

La C.A.S.A.R.H. denegó la apelación de la recurrida al determinar que esta no presentó la impugnación de la antigüedad conforme dispone la Ley 7 razón por la cual no procede la revisión y la aceptación de documentos posterior al tiempo allí concedido. Véase apéndice Oposición a expedición de *certiorari* pág. 213. Al así proceder, la C.A.S.A.R.H. actuó de manera correcta en Derecho, ya que había perdido jurisdicción sobre cualquier documento presentado por la recurrida fuera del término jurisdiccional de treinta (30) días. Al no tener jurisdicción sobre los documentos, la C.A.S.A.R.H. estaba impedida de considerarlos al momento de hacer su determinación sobre la impugnación presentada por la recurrida.

Por su parte, y de manera errada, el Tribunal de Apelaciones revocó esta determinación de la C.A.S.A.R.H.

por entender que existía justa causa por la cual la recurrida impugnó su antigüedad fuera de término. Fundamentó el foro apelativo intermedio ese proceder en que las agencias para las cuales la recurrida había trabajado previamente le remitieron la prueba documental fehaciente sobre su tiempo en el servicio público meses después de que se le notificara su antigüedad. Como ya resolvimos, el término de treinta (30) días que tenía la recurrida para impugnar su antigüedad era uno de carácter jurisdiccional, el cual no admite interrupción alguna por justa causa.

Así las cosas, erró el Tribunal de Apelaciones al revocar la determinación de la C.A.S.A.R.H. que denegó la apelación de la cesantía de la recurrida. Esta última impugnó por primera vez su antigüedad más de seis (6) meses después que le fuera certificada, por lo cual actuó fuera del término improrrogable de treinta (30) días que tenía para hacerlo, quedando así impedida la C.A.S.A.R.H. de considerar los documentos presentados por la recurrida.

V

Por los fundamentos antes expuestos, se expide el auto

de *certiorari* y se revoca el dictamen del Tribunal de Apelaciones. Se dictará Sentencia de conformidad.


Mildred G. Pabón Charneco
Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Rosa Belén Cruz Parrilla

    Recurrida

       v.

Departamento de la Vivienda y la Junta de Reestructuración Fiscal

    Peticionarios

*Certiorari*

CC-2011-0071

SENTENCIA

En San Juan, Puerto Rico, a 23 de enero de 2012.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente Sentencia, se expide el auto de *Certiorari* y se revoca el dictamen del Tribunal de Apelaciones.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Hernández Denton, la Jueza Asociada señora Fiol Matta y la Juez Asociada señora Rodríguez Rodríguez disienten sin opinión escrita. El Juez Asociado señor Estrella Martínez no interviene.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo